# Illinois Official Reports

## Supreme Court

---

**People v. Richardson, 2015 IL 118255**

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JERMAINE RICHARDSON, Appellee. |
| Docket No. | 118255 |
| Filed | May 21, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, the Hon. Kathryn E. Creswell, Judge, presiding. |
| Judgment | Circuit court judgment reversed. Cause remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Robert B. Berlin, of Wheaton (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Gopi Kashyap, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Sherry R. Silvern, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellee. |

Justices          JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1        The sole issue on appeal is whether the saving clause in the exclusive jurisdiction provision of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-120 (West 2012)) violates the equal protection rights of defendant Jermaine Richardson. The circuit court of Du Page County found the clause violated defendant's equal protection rights and declared it unconstitutional as applied to him. Pursuant to Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013), the State's appeal comes directly to this court. For the following reasons, we reverse the judgment of the circuit court and remand the cause for further proceedings.

¶ 2                                    BACKGROUND

¶ 3        In June 2013, defendant was indicted on two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(2) (West 2012)) and one count of criminal sexual abuse (720 ILCS 5/11-1.50(a)(2) (West 2012)) for acts he allegedly committed against N.B. on March 28, 2012, when he was 17 years old. At the time of the alleged offenses, the Juvenile Court Act only applied to those minors who were under 17 years of age, with certain exceptions not relevant here. Subsequently, in July 2013, the Governor approved Public Act 98-61, section 5 (eff. Jan. 1, 2014), which amended the exclusive jurisdiction provision of the Juvenile Court Act to apply to those minors who were under 18 years of age, again with certain exceptions not relevant here. 705 ILCS 405/5-120 (West Supp. 2013). The amendment included a saving clause that provided: "[t]he changes made to this Section by this amendatory Act of the 98th General Assembly apply to violations or attempted violations committed on or after the effective date of this amendatory Act." 705 ILCS 405/5-120 (West Supp. 2013). Public Act 98-61, section 5, took effect on January 1, 2014.

¶ 4        Defendant filed a motion in the circuit court in May 2014, entitled "Motion to Declare Adult Prosecution Unconstitutional." The motion alleged that the amendment's saving clause violated defendant's equal protection rights under both the federal and state constitutions. Defendant argued that he was similarly situated to those 17-year-olds who allegedly committed offenses on or after the amendment's effective date and there was no rational basis to treat him differently.

¶ 5        The circuit court granted defendant's motion, declaring the amendment's saving clause unconstitutional under the equal protection clause of the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). The court found that the amendment's effective date violated defendant's equal protection rights and declared it unconstitutional as applied to him. The court reasoned that there was no rational basis to treat defendant differently than a 17-year-old who is alleged to have committed an offense on or after the amendment's effective date. Defendant's case was subsequently transferred to the juvenile division of the circuit

court. The State's direct appeal to this court followed. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013).

¶ 6                                              ANALYSIS

¶ 7        On appeal, the State contends, *inter alia*, that the saving clause does not violate equal protection principles because it is rationally related to the State's legitimate interest in amending the exclusive jurisdiction provision of the Juvenile Court Act. Defendant responds that the saving clause is not rationally related to the amendment's purpose of including 17-year-olds within the jurisdiction of the Juvenile Court Act because it excludes those 17-year-olds, such as himself, who allegedly committed offenses before the amendment's effective date.

¶ 8        Statutes are presumed constitutional and the party challenging a statute's validity bears the burden of demonstrating a clear constitutional violation. *In re Derrico G.*, 2014 IL 114463, ¶ 54. We will uphold the constitutionality of a statute whenever reasonably possible. *People v. Mosley*, 2015 IL 115872, ¶ 40. Our review of a statute's constitutionality is *de novo*. *Derrico G.*, 2014 IL 114463, ¶ 54.

¶ 9        In conducting an equal protection analysis, this court applies the same standards under the United States Constitution and the Illinois Constitution. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 116. The constitutional right to equal protection guarantees that similarly situated individuals will be treated in a similar manner, unless the government can demonstrate an appropriate reason to treat them differently. *People v. Whitfield*, 228 Ill. 2d 502, 512 (2007); *People v. Shephard*, 152 Ill. 2d 489, 499 (1992). The equal protection clause does not forbid the legislature from drawing proper distinctions in legislation among different categories of people, but it does prohibit the government from doing so on the basis of criteria wholly unrelated to the legislation's purpose. *Derrico G.*, 2014 IL 114463, ¶ 88. When an equal protection claim challenges a legislative classification, such as the saving clause here, that classification " 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' " (Internal quotation marks omitted.) *People v. Watson*, 118 Ill. 2d 62, 67 (1987) (quoting *Eisenstadt v. Baird*, 405 U.S. 438, 447 (1972) (collecting cases)). Further, when the legislative classification does not affect a fundamental right or discriminate against a suspect class, such as here, we apply a rational basis scrutiny and consider whether the challenged classification bears a rational relationship to a legitimate governmental purpose. *People v. Masterson*, 2011 IL 110072, ¶ 24.

¶ 10       Here, we find that the challenged legislative classification, the amendment's saving clause, is rationally related to the legislature's goal of including 17-year-olds within the jurisdiction of the Juvenile Court Act. We have previously recognized that neither the fourteenth amendment nor the Illinois Constitution prevents statutes and statutory changes from having a beginning, nor does either prohibit reasonable distinctions between rights as of an earlier time and rights as they may be determined at a later time. *Braeburn Securities Corp. v. Smith*, 15 Ill. 2d 55, 62 (1958); see also *Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911) (the fourteenth amendment does not forbid statutes and statutory changes to have a beginning and from distinguishing between the rights of an earlier and later time). The saving clause reasonably achieves the amendment's purpose of including 17-year-olds within the jurisdiction of the Juvenile Court Act because it does so in such a manner that avoids confusion and delay and

also preserves judicial resources. By limiting the amendment's application to violations or attempted violations committed on or after the effective date, an accused, as well as the courts, are on notice as to whether the Juvenile Court Act will apply in certain proceedings. The saving clause also ensures that cases already in progress would not have to restart in the juvenile division of the court and that defendants could not manipulate or delay their proceedings to take advantage of the amendment's effective date. We acknowledge that statutory amendments which apply to some but not to others may appear unfair to a certain extent. This is particularly true with ameliorative amendments such as the amendment here. Nevertheless, statutory changes must have a beginning. The simple fact that the saving clause precludes the amendment from applying to some 17-year-olds such as defendant does not defeat its constitutionality. Here, the legislature's chosen effective date bears a rational relationship to the legislature's goal of extending the exclusive jurisdiction provision of the Juvenile Court Act.

¶ 11 This issue is similar to an issue raised in *People v. Grant*, 71 Ill. 2d 551 (1978). In *Grant*, the legislature amended a sentencing provision and provided that it only apply to those defendants who had not yet been sentenced prior to the amendment's effective date. The amendment became effective subsequent to the defendant's direct appeal and subsequent to the rendering of the appellate court's opinion. On appeal to this court, the defendant contended that his equal protection rights were violated because the amendment did not apply to him. He argued that there was no rational basis for distinguishing between persons who were sentenced after the amendment's effective date and those who were sentenced prior to that date but whose appeals were still pending. We rejected defendant's equal protection challenge and held that it was reasonable for the legislature to distinguish between the two groups since applying the amendment to those persons who had already been sentenced would require remanding their cases for additional sentencing hearings. *Id.* at 562. Similarly here, it was reasonable for the legislature to distinguish between offenses committed before and offenses committed after the amendment's effective date since applying the amendment to offenses committed before the effective date would require those cases to be transferred to the juvenile division and to begin anew. We find that defendant has not met his burden of establishing an equal protection violation.

¶ 12                                      CONCLUSION
¶ 13 For the foregoing reasons, we reverse the judgment of the circuit court and remand the cause to the circuit court for further proceedings consistent with this opinion.

¶ 14 Circuit court judgment reversed.
¶ 15 Cause remanded.