# Illinois Official Reports

## Supreme Court

---

### *People v. Schweihs*, 2015 IL 117789

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES F. SCHWEIHS, Appellee. |
| Docket No. | 117789 |
| Filed | December 3, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Circuit court order reversed.<br>Cause remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Garson S. Fischer, Assistant Attorneys General, of Chicago, of counsel), for the People.<br><br>John Thomas Moran, Jr., of Chicago, for appellee. |
| Justices | JUSTICE THEIS delivered the judgment of the court, with opinion.<br>Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    In this appeal, we consider whether section 24-1.6(a)(1), (a)(3)(C) of the Aggravated Unlawful Use of a Weapon statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) and the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). For the following reasons, we hold that it does not. We reverse the order of the circuit court and remand for further proceedings.

¶ 2                                BACKGROUND

¶ 3    In October 2012, defendant James Schweihs was charged in a five-count indictment in the circuit court of Kane County with two counts of aggravated unlawful use of a weapon (AUUW), one count of violating the Firearm Owners Identification Card Act (FOID Card Act), and two counts of domestic battery for striking Patricia Schweihs. Relevant to this appeal, count I of the indictment alleged that defendant committed the offense of AUUW by violating section 24-1.6(a)(1), (a)(3)(C) (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)) in that defendant knowingly carried or concealed in a motor vehicle a .45-caliber handgun, at a time when he was not on his own land, and at the time he carried it he had not been issued a currently valid FOID card. Count II of the indictment alleged that defendant committed the offense of AUUW by violating section 24-1.6(a)(1), (a)(3)(A) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)) because he knowingly carried or concealed a handgun in a motor vehicle and the handgun was uncased, loaded, and immediately accessible to him at the time.

¶ 4    Thereafter, defendant filed a motion to dismiss the AUUW charges, asserting that the statute violated the second amendment of the United States Constitution. Following this court's opinion in *People v. Aguilar*, 2013 IL 112116 (which invalidated section 24-1.6(a)(1), (a)(3)(A)), count II was dismissed. The circuit court then granted defendant's motion to dismiss count I. The court determined that in light of *Aguilar*, the substantive elements of the AUUW offense under which he was indicted (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)) were the same as the substantive elements of a violation of the FOID Card Act (430 ILCS 65/2 (West 2012)), but that the AUUW statute punished possession of a firearm without a FOID card as a Class 4 felony (720 ILCS 5/24-1.6(d) (West 2012)), and the FOID Card Act punished possession of a firearm without a FOID card as a Class A misdemeanor (430 ILCS 65/14(b) (West 2012)). Therefore, although not raised by defendant as the basis for his motion to dismiss, the circuit court *sua sponte* held that the penalties for the two offenses were unconstitutionally disproportionate. The court concluded that the appropriate remedy was to dismiss the charge.

¶ 5    Thereafter, the State filed a notice of appeal, together with a certificate of impairment. The matter was subsequently transferred to this court pursuant to Illinois Supreme Court Rules 365 and 603 (Ill. S. Ct. R. 365 (eff. Feb. 1, 1994); R. 603 (eff. Feb. 6, 2013)) as a matter of right. This court then granted the State's motion to remand to the circuit court for compliance with Illinois Supreme Court Rule 18 (eff. Sept. 1, 2006).

¶ 6    On remand, the circuit court issued its written order, declaring section 24-1.6(a)(1), (a)(3)(C) unconstitutional based on a violation of the proportionate penalties clause. The court reasoned that after *Aguilar*, the triggering elements in section 24-1.6(a)(1) violated the

constitution, and that there was no longer any legal significance between carrying a firearm on the street or in a vehicle versus on one's own land because the possession of a loaded firearm in either location was conduct protected by the second amendment. Based upon that finding, the court concluded that the only illegal behavior constitutionally prohibited was that defendant had possessed a firearm without having been issued a valid FOID card under subsection (a)(3)(C), which was identical to the elements of a violation of the FOID Card Act, but imposed a harsher penalty. Additionally, without any legal analysis, the court declared that section 24-1.6(a)(1), (a)(3)(C) violated equal protection guarantees under the United States and Illinois Constitutions.

¶ 7                                    ANALYSIS

¶ 8      Initially, defendant raises an issue of this court's jurisdiction over this appeal. Defendant contends that the matter is not properly before this court on the State's filing of a certificate of impairment under Illinois Supreme Court Rule 604(a)(1) (eff. Feb. 6, 2013) because the circuit court's ruling only impaired one count of the indictment, and nothing impaired the State's ability to prosecute the remaining counts of the indictment. However, the State subsequently filed a motion in the appellate court to transfer the case to this court pursuant to Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 9      Rule 603 provides that "[a]ppeals in criminal cases in which a statute *** of this State has been held invalid shall lie directly to the Supreme Court as a matter of right." Ill. S. Ct. R. 603 (eff. Feb. 6, 2013). It was on that basis that the appellate court transferred the cause according to Illinois Supreme Court Rule 365 (eff. Feb. 1, 1994) (authorizing courts of review to transfer cases that have been appealed to the wrong court). Here, there is no dispute that the circuit court's ruling invalidated a statute of this state. Accordingly, our jurisdiction over the appeal is proper under Rule 603. See, *e.g.*, *People v. Sharpe*, 216 Ill. 2d 481, 486 (2005); *People v. Miller*, 202 Ill. 2d 328, 334-35 (2002); *People v. Garcia*, 199 Ill. 2d 401, 402 (2002); *People v. Espinoza*, 184 Ill. 2d 252, 255 (1998).

¶ 10     With respect to the constitutionality of the statute, we begin by noting that the question of whether a statute is unconstitutional is a question of law, which this court reviews *de novo*. *People v. Richardson*, 2015 IL 118255, ¶ 8. All statutes are presumed constitutional, and the party challenging the constitutionality of a statute has the burden of clearly establishing that it violates the constitution. *Id.* Article I, section 11, of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A proportionate penalties violation, under the identical elements test, occurs when "two offenses have identical elements but disparate sentences." (Internal quotation marks omitted.) *People v. Blair*, 2013 IL 114122, ¶ 32. We have explained that applying different penalties for identical elements violates the proportionate penalties clause because "[i]f the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense." *Sharpe*, 216 Ill. 2d at 522.

¶ 11     The State contends that there is no proportionate penalties violation here because the offense of AUUW requires proof of different elements than those required to prove a violation of the FOID Card Act. Thus, we begin our analysis by setting forth the two statutes

at issue.

¶ 12    In relevant part, section 24-1.6 provides as follows:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; [and]
***
(3) One of the following factors is present:
* * *
(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012).

¶ 13    Section 2(a)(1) of the FOID Card Act provides as follows:

"(a)(1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act." 430 ILCS 65/2(a)(1) (West 2012).

¶ 14    We recently considered and rejected the argument that these two statutes have identical elements in *People v. Williams*, 2015 IL 117470. There, we explained that to prove the offense of AUUW, the State is required to establish that defendant knowingly carried on his person or in any vehicle, outside the home, a firearm without having been issued a valid FOID card. In contrast, to prove a violation of the FOID Card Act, the State need only prove possession of a firearm without a FOID card. *Id.* ¶ 14. Thus, in *Williams* we found that the AUUW statute requires proof of an additional location element that is not required under the FOID Card Act. *Id.* We noted that a violation of the FOID Card Act can occur in one's home, but that such conduct would not be a violation of the AUUW statute. *Id.* Because AUUW has this additional location element, we determined that the offense of AUUW and a violation of the FOID Card Act are not identical. Accordingly, we held that without identical elements, there can be no proportionate penalties violation. *Id.*

¶ 15    Additionally, as we did in *Williams* (*id.* ¶ 16), we reject defendant's argument predicated on the trial court's notion that in *Aguilar* this court invalidated the "triggering threshold elements" of section 24-1.6(a)(1) of the AUUW statute, including the location element. In *Aguilar* we held that the form of AUUW set forth in section 24-1.6(a)(1), (a)(3)(A) violated the second amendment right to keep and bear arms because it operated as an absolute ban on an individual's otherwise legal right to possess a gun for self-defense outside the home. *Aguilar*, 2013 IL 112116, ¶ 21. Nevertheless, as we reiterated in *Williams*, we explicitly held that " '[o]f course, in concluding that the second amendment protects the right to possess and use a firearm for self-defense outside the home, we are in no way saying that such a right is unlimited or is not subject to meaningful regulation.' " *Williams*, 2015 IL 117470, ¶ 16

- 4 -

(quoting *Aguilar*, 2013 IL 112116, ¶ 21). Notably, in *Aguilar* we did not invalidate any other section or subsection of the AUUW statute. *Aguilar*, 2013 IL 112116, ¶ 22 n.3.

¶ 16   Thereafter, in *People v. Mosley*, 2015 IL 115872, ¶ 61, we clarified that the location element in section 24-1.6(a)(1) of the AUUW statute is constitutional and enforceable when combined with subsection (a)(3)(C) and is severable from the provision found unconstitutional in *Aguilar*. *Mosley*, 2015 IL 115872, ¶ 31 ("[W]e believe that subsections (a)(1), (a)(2), and the remaining factors in subsection (a)(3) can stand independently of subsection (a)(3)(A), which is only one of several factors that operate in conjunction with subsection (a)(1) or (a)(2) to comprise the substantive offense. [Citation.]" (Internal quotation marks omitted.)). Thus, contrary to the circuit court's ruling, the location element in section 24-1.6(a)(1) remains a viable element of the AUUW statute when combined with subsection (a)(3)(C). Accordingly, we find no proportionate penalties violation.

¶ 17   With respect to the trial court's separate *sua sponte* ruling that section 24-1.6(a)(1), (a)(3)(C) violates equal protection, we begin by noting that the basis for the trial court's finding was not articulated in the Rule 18 order. The difficult task of reviewing a circuit court's decision to invalidate a statute is made that much more difficult when the ruling is conclusory and unsupported by any legal analysis or explanation. *People v. Cornelius*, 213 Ill. 2d 178, 189 (2004). We reiterate that "[w]hen a circuit court does something as serious as holding that a statute violates the constitution, then the circuit court must also be mindful to clearly state *** the legal basis for that ruling." *Id.* Furthermore, defendant now concedes that our decision in *Mosley* "eliminated the viability of an Equal Protection argument."

¶ 18   To the extent that the circuit court's ruling appears to be intertwined with the proportionate penalties argument, we have previously held that when a defendant's conduct violates more than one statute, each of which requires different proof, a defendant is not denied equal protection if he is prosecuted under the statute which provides the greater penalty. *People v. Jamison*, 197 Ill. 2d 135, 161-62 (2001); *People v. McCollough*, 57 Ill. 2d 440, 444 (1974).

¶ 19                                                    CONCLUSION
¶ 20   For the foregoing reasons, the order of the circuit court of Kane County, which declared unconstitutional section 24-1.6(a)(1), (a)(3)(C) of the AUUW statute, and which dismissed count I of the indictment, is reversed, and the cause is remanded to the circuit court for further proceedings.

¶ 21   Circuit court order reversed.
¶ 22   Cause remanded.