NOTICE

Decision filed 06/21/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220235-U

NO. 5-22-0235

IN THE

APPELLATE` COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 97-CF-209 |
| | ) | |
| DAVID MACKEL, | ) | Honorable |
| | ) | Janet R. Heflin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The defendant's appointed counsel on appeal is granted leave to withdraw, and the order denying the defendant's "motion to dismiss" is affirmed.

¶ 2    The defendant, David Mackel, appeals from the circuit court's order denying his "motion to dismiss."  His appointed attorney on appeal has filed a motion to withdraw as counsel, on the ground that this appeal lacks merit, along with a brief in support of that motion.  See *Anders v. California*, 386 U.S. 738 (1967).  The defendant was served with a copy of the motion and brief.  This court gave him ample opportunity to file a written response to the motion, or a brief, memorandum, etc., explaining why this appeal has merit, but he has not taken advantage of that opportunity.  Having examined the *Anders* motion and memorandum, along with the entire record on appeal, this court agrees with appointed counsel that this appeal has no merit.  Accordingly,

1

counsel is granted leave to withdraw, and the judgment of the circuit court of Madison County is affirmed.

¶ 3                                           BACKGROUND

¶ 4    In 1997, the defendant was charged in the instant case with aggravated criminal sexual abuse. See 720 ILCS 5/12-16(d) (West 1996). The defendant, age 29, was accused of placing his mouth on the penis of C.B., who was at least 13 years of age but under 17. On July 7, 1997, the defendant, his counsel, and an assistant state's attorney appeared before the circuit court. The defendant, pursuant to a fully negotiated agreement with the State, pleaded guilty to the charge. The court accepted the plea. It sentenced the defendant to probation for a period of three years, with conditions including that the defendant should not violate any criminal statute of any jurisdiction.

¶ 5    In September 1997, the State filed a petition to revoke probation in the instant case. It alleged that on September 1, 1997, the defendant had committed aggravated criminal sexual abuse by fondling the penis of J.U., who was at least 13 years of age but under 17.

¶ 6    On November 13, 1997, the circuit court entered a very short written order. In the order, the court "discharge[d]" the defendant from probation, and it "dismiss[ed]" the State's petition to revoke probation. The court noted that the defendant was "in DOC for similar activities."

¶ 7    The entry of the order on November 13, 1997, was the last event in the instant case for more than 23 years. However, in the years between, significant action was taken in regard to the defendant. Due to this court's order in *In re Commitment of Mackel*, 2019 IL App (5th) 180142-U, this court is aware of those actions. In March 2000, the defendant was nearing the end of a five-year prison sentence for aggravated criminal sexual abuse. This court did not provide the case number associated with that five-year sentence. (The circuit court, in its order of November 13,

2

1997, was likely alluding to that term of imprisonment.) In Madison County case No. 00-MR-154, the State filed a petition seeking to commit the defendant to the Illinois Department of Human Services (DHS) as a sexually violent person under the Sexually Violent Persons Commitment Act. In November 2006, the circuit court, following a bench trial, found that the defendant was a sexually violent person. In April 2008, the court entered a dispositional order that committed the defendant to the custody of DHS for care and treatment until such time as he was no longer sexually violent. DHS annually reexamined the defendant in order to determine whether he remained sexually violent. After the 2017 annual reexamination, the circuit court found that there was no probable cause for an evidentiary hearing on the issue of whether the defendant remained sexually violent. (In other words, there was no need to question the status quo of the defendant.) This court affirmed the judgment of no probable cause. Apparently, the defendant has remained in the custody of DHS, for institutional care, ever since the dispositional order of April 2008.

¶ 8   On February 22, 2022—more than 23 years after the last event in the instant case—the defendant filed in the circuit court a pleading styled a "motion to dismiss." (Nowhere in the document did the defendant ever make clear what exactly he was moving to dismiss.)

¶ 9   At the outset of his "motion to dismiss," the defendant clearly intended to provide a procedural history of the instant case. He wrote:

"On October 31, 1997, the [defendant] entered into an agreement with the State's Attorney. Pursuant to that agreement, [the defendant] would plead guilty to offense [*sic*] including one count of aggravated criminal sexual abuse, surrendering a variety of his liberty and property [*sic*]. In exchange, the State promised to limit its pursuit of punishment, and seek only the sentence which was ultimately imposed for the offense, 5 years' imprisonment."

3

¶ 10    It would seem that the defendant, in writing his procedural history of the instant case, was confusing the instant case, in which he was put on probation for a three-year period, with the case that resulted in a five-year prison sentence, near the end of which the State filed its petiton to commit him as sexually violent.  Perhaps the defendant intended to file his "motion to dismiss" in that other criminal case, not in the instant one.

¶ 11    The defendant argued in his "motion to dismiss" that the Sexually Violent Persons Commitment Act (SVP Act) (725 ILCS 207/1 *et seq.* (West 2022)) was "unconstitutional as applied" because it "implicitly undoes" the plea agreements of the defendant and those similarly situated "after they have forfeited their rights in reliance upon those agreements."  The defendant wrote that the State had used the SVP Act in order to "prolong" his incarceration, notwithstanding the terms of his plea agreement, and that he had been "detained ever since."

¶ 12    Specifically, the defendant argued that the SVP Act violated the takings clause of the United States Constitution.  See U.S. Const., amend. V ("nor shall private property be taken for public use, without just compensation").  "The takings clause," the defendant wrote, "covers an extremely broad range of rights which may be conceived of as property interests and are by no means limited to the classic case of real estate."  The defendant proceeded to discuss an assortment of cases in which the takings clause was found to be implicated, *e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984) (government's action, which impacted manufacturer's trade secrets, implicates the takings clause), *Armstrong v. United States*, 364 U.S. 40 (1960) (government's action, which impacted materialmen's liens in certain property, implicates the takings clause).  His confinement under the SVP Act, he believed, also implicated the takings clause, for such confinement "entails enormous restrictions" on one's ability to own, use, and enjoy property.

Because the SVP Act does not provide for "reasonable and just compensation," it is unconstitutional and void, which entitled the defendant to "dismissal of the petition against him."

¶ 13    In addition, the defendant argued that due process (see U.S. Const., amends. V, XIV) required "the complete dismissal of this matter." The defendant stated that he had pleaded guilty in exchange for a specific sentence. When the State sought to commit him under the SVP Act, it violated that plea agreement "by seeking additional confinement contrary to its original promise." Thus, he was denied the benefit of his bargain with the State.

¶ 14    On March 31, 2022, the circuit court ruled on the defendant's "motion to dismiss." In a short written order, the court denied the motion, finding that it was "not timely filed." The court also noted that the defendant was sentenced to probation, not incarceration, in the instant case.

¶ 15    The defendant filed a timely notice of appeal. He also requested the appointment of appellate counsel. The circuit court appointed the Office of the State Appellate Defender (OSAD) to represent him.

¶ 16    OSAD filed in this court a motion to withdraw as counsel. OSAD noted that under the State Appellate Defender Act, it was authorized to represent indigent persons on appeal "in criminal and delinquent minor proceedings." 725 ILCS 105/10(a) (West 2022). However, the instant appeal was not from a criminal or delinquent-minor proceeding, OSAD argued. Although the defendant filed his "motion to dismiss" in a criminal case, "the contents of the motion demonstrate that appellant is challenging his commitment under the [SVP] Act that was the result of a separate proceeding." Proceedings under the SVP Act, noted OSAD, are civil in nature. See 725 ILCS 207/20 (West 2022) ("proceedings under this Act shall be civil in nature").

¶ 17    This court granted OSAD's motion to withdraw because it agreed with OSAD that this appeal was civil in nature, not criminal. This court also remanded the cause to the circuit court for

5

the limited purpose of the appointment of substitute counsel. The circuit court appointed attorney Donna Polinske as the defendant's counsel on appeal.

¶ 18    In this court, attorney Polinske has filed a motion to withdraw as counsel for the defendant, on the ground that this appeal lacks merit. See *Anders*, 386 U.S. 738. The defendant has not filed a response to the motion.

¶ 19                                    ANALYSIS

¶ 20    The defendant argues that the SVP Act is "unconstitutional as applied." When a defendant argues that a statute was applied to him in an unconstitutional manner, this court reviews that matter *de novo*. *McElwain v. Office of Illinois Secretary of State*, 2015 IL 117170, ¶ 11; *People v. Richardson*, 2015 IL 118255, ¶ 8.

¶ 21    In his motion to dismiss, the defendant argued that the SVP Act was unconstitutional as applied to him because it "implicitly und[id]" the plea agreement between himself and the State, after he had relied upon that agreement. According to the defendant, the State used the SVP Act in order to "prolong" his incarceration, notwithstanding the terms of his plea agreement, and that he had been "detained ever since." Thus, the SVP Act violated the takings clause and the due-process clause of the United States Constitution. Contrary to the defendant's assertions, the SVP Act was not used to "prolong" his criminal sentence. The SVP Act was used for an entirely distinct purpose.

¶ 22    "The purpose of the SVP Act is to identify sexually dangerous persons and to force them into treatment for their own good and for the safety of society." *In re Commitment of Gavin*, 2014 IL App (1st) 122918, ¶ 75. Proceedings under the SVP Act begin when the State files in the circuit court a petition alleging that a particular person (1) has been convicted of a sexually violent offense, (2) has a mental disorder, and (3) is dangerous to others because the mental disorder

6

creates a substantial probability that the person will engage in acts of sexual violence. 725 ILCS 207/15 (West 2022). These proceedings are civil in nature. 725 ILCS 207/20 (West 2022).

¶ 23 The circuit court must review the State's petition. If the court finds cause to believe that the person is eligible for commitment under the SVP Act, it must issue an order for detention of the person. 725 ILCS 207/30(a) (West 2022). The court must hold a hearing to determine whether there is probable cause to believe that the person is a sexually violent person, and if the court determines that probable cause exists, it must order that the person be taken into custody, if he or she is not already in custody. 725 ILCS 207/30(b), (c) (West 2022). A trial must be held, whether by the court or by a jury, with the State having the burden of proving beyond a reasonable doubt the allegations in the petition, and if the court or jury determines that the person is a sexually violent person, the court must enter judgment on that finding. 725 ILCS 207/35 (West 2022). At that point, the court must order that the person be committed to the custody of the Illinois Department of Human Services (DHS) until such time as he or she is no longer a sexually violent person, and the court must hold a hearing in order to determine whether the commitment should be for institutional care in a secure facility or for conditional release. 725 ILCS 207/40 (West 2022).

¶ 24 DHS must periodically reexamine the committed person and furnish the court with a written report on his or her mental condition. 725 ILCS 207/55 (West 2022). Under certain circumstances, a person committed for institutional care in a secure facility may petition the court to modify the commitment order by authorizing conditional release. 725 ILCS 207/60 (West 2022). A committed person may also petition the court for discharge from custody or supervision; at a trial on the discharge petition, the State has the burden of proving by clear and convincing evidence that the person remains sexually violent. 725 ILCS 207/65 (West 2022). If the person

does not file a petition for discharge, but does not affirmatively waive the right to file such a petition at the time of a periodic reexamination, the court must review the latest reexamination report and must hold a hearing to determine whether there is probable cause to believe that the person has so changed that he or she is no longer a sexually violent person. 725 ILCS 207/65(b)(1) (West 2022). If the court finds probable cause to believe that the person has so changed that he or she is no longer sexually violent, the court must set a hearing on the issue, at which the State has the burden of proving by clear and convincing evidence that the person remains sexually violent. 725 ILCS 207/65(b)(2) (West 2022).

¶ 25    The terms of the SVP Act make clear that it is a forward-looking statute. It is designed to identify sexually violent people and to commit them, with treatment, until such time as they are no longer sexually violent and no longer pose a threat to society. The SVP Act did not undo the defendant's plea agreement, whether implicitly or explicitly. The plea agreement was negotiated, secured, and implemented. He received the benefit of his bargain, and due process was thus respected. The State, the defendant claimed, had used the Act in order to "prolong" his sentence. That is not true. His sentence ended at the agreed-upon time. When the defendant stated that he had been "detained ever since" the State's SVP Act petition, he was not detained as punishment for his past crime. He was detained for treatment of his current mental disorder, which would pose a future danger of sexual violence in society.

¶ 26    Furthermore, the subject of this case has nothing to do with the takings clause of the United States Constitution. The takings clause concerns property rights. See, *e.g.*, *Phillips v. Washington Legal Foundation*, 524 U.S. 156 (1998) (for purposes of the takings clause, interest on funds held in lawyer's trust account is the private property of the owner of the principal). Although the defendant's commitment under the SVP Act may affect his ability to acquire and enjoy property,

8

the commitment concerns a vital liberty interest, not a property interest. *Gavin*, 2014 IL App (1st) 122918, ¶ 55.

¶ 27                                   CONCLUSION

¶ 28    Because this appeal has no merit, the defendant's counsel on appeal is granted leave to withdraw as counsel. The order denying the defendant's "motion to withdraw" is affirmed.


¶ 29    Motion granted; judgment affirmed.