2023 IL App (2d) 220324
No. 2-22-0324
Opinion filed August 29, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 99-CF-3272 |
| LIONEL J. BARRY, | ) ) | Honorable Julia A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Lionel J. Barry, appeals from an order granting the State's motion to dismiss

his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2020)). We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    The State charged defendant with committing several offenses on December 14, 1999,

when he was 17 years old. The charges included three alternative counts of first degree murder

(720 ILCS 5/9-1(a)(1), (2), (3) (West 1998)), two alternative counts of home invasion (*id.* § 12-

11(a)(1)), and one count each of attempted murder (*id.* §§ 8-4(a), 9-1(a)(1)), aggravated battery

with a firearm (*id.* § 12-4.2(a)(1)), and armed robbery while armed with a deadly weapon (*id.* § 18-2(a)).

¶ 4    On August 9, 2002, the parties presented an agreement under which defendant would plead guilty to the aggravated battery with a firearm count (*id.* § 12-4.2(a)(1)) and one of the first degree murder counts (*id.* § 9-1(a)(3)). In exchange, the State would dismiss the remaining charges. There was no agreement on sentencing. The court sentenced defendant to consecutive prison terms of 6 years for aggravated battery with a firearm and 30 years for first degree murder. Defendant filed a motion to reduce the sentence, which the court denied. Defendant appealed.

¶ 5    On appeal, we remanded the cause for proper admonishments under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). *People v. Barry*, No. 2-03-0382 (2004) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a new motion to reduce the sentence, which the trial court also denied. On appeal, defendant contended that he had been denied a fair sentencing hearing. We disagreed and affirmed. *People v. Barry*, No. 2-05-0015 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    On October 9. 2007, defendant filed his first petition under the Act. On December 10, 2007, the trial court summarily dismissed the petition. Defendant did not appeal.

¶ 7    On October 9, 2019, the trial court granted defendant leave to file his *pro se* successive petition (see 725 ILCS 5/122-1(f) (West 2018)). The court docketed the petition for second-stage review and appointed counsel. On January 19, 2021, counsel filed an amended petition. That petition contained three claims; only one is pertinent here. It centered on section 5-4.5-115(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-115(b) (West Supp. 2019)), enacted in 2019. See Pub. Act 100-1182, § 5 (eff. June 1, 2019) (adding 730 ILCS 5/5-4.5-110); Pub. Act 101-288,

§ 10 (eff. Jan. 1, 2020) (amending and renumbering as 730 ILCS 5/5-4.5-115). Subsection (b) of section 5-4.5-115 reads:

"(b) A person under 21 years of age at the time of the commission of an offense or offenses, other than first degree murder, and who is not serving a sentence for first degree murder and who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 10 years or more of his or her sentence or sentences, except for those serving a sentence or sentences for: (1) aggravated criminal sexual assault who shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences or (2) predatory criminal sexual assault of a child who shall not be eligible for parole review by the Prisoner Review Board under this Section. A person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences, except for those subject to a term of natural life imprisonment under Section 5-8-1 of this Code [(730 ILCS 5/5-8-1 (West 2020))] or any person subject to sentencing under subsection (c) of Section 5-4.5-105 of this Code [(*id.* § 5-4.5-105(c))]." 730 ILCS 5/5-4.5-115(b) (West Supp. 2019).[1]

---

[1]During this appeal, the legislature amended section 5-4.5-115(b) by extending parole review to, *inter alia*, a person convicted of first degree murder committed when he or she was under 21 years of age and sentenced to natural life imprisonment on or after June 1, 2019. See Pub. Act 102-1128, § 5 (eff. Jan. 1, 2024) (amending 730 ILCS 5/5-4.5-115(b)). The amendment has

Defendant contended that, as applied to him, section 5-4.5-115(b) violated the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) because it arbitrarily limited the opportunity for parole to those sentenced on or after June 1, 2019. Defendant reasoned that the bases for providing a chance for parole to an offender under 21—relative immaturity and incomplete brain development[2]—applied equally to everyone in that age group, regardless of sentencing date.

¶ 8    The State moved to dismiss the petition on several grounds. First, the State argued that defendant had waived his challenge to the judgment by pleading guilty. Defendant could not now seek a new benefit while holding the State to its end of the bargain. Second, the State argued that, because section 5-4.5-115(b) neither affects a fundamental right nor creates a suspect classification, it must be upheld if it has a rational basis. According to the State, the legislature reasonably restricted the operation of section 5-4.5-115(b) to defendants unsentenced when the law was enacted. Otherwise, defendants would deluge the courts with additional proceedings.

¶ 9    The trial court granted the State's motion. Defendant timely appealed.

¶ 10                                    II. ANALYSIS

---

no bearing on the issues raised in this appeal.

[2]"The enactment of [(730 ILCS 5/5-4.5-115(b) (West Supp. 2019))] is a reflection of the recent Illinois jurisprudence deriving from *Miller v. Alabama*, 567 U.S. 460 (2012), recognizing the potential for rehabilitation of juveniles and the evolving neuroscience showing that young adults (18 to 21 years old) may have similar brain development to those typically considered juveniles." *People v. Profit*, 2023 IL App (1st) 210881, ¶ 23; see 100th Ill. Gen. Assem., Senate Proceedings, May 31, 2017, at 31, 36 (statements of Senator Harmon).

¶ 11    On appeal, defendant contends that he made a substantial showing that, as applied to him, section 5-4.5-115(b) violates equal protection. The State responds that (1) defendant lacks standing to challenge section 5-4.5-115(b), (2) defendant waived his challenge by pleading guilty, and (3) section 5-4.5-115(b) does not violate equal protection because the legislature had a rational basis for not making the law retroactive.

¶ 12    At the second stage of proceedings under the Act, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). We review *de novo* the second-stage dismissal of a petition under the Act. *People v. Whitfield*, 217 Ill. 2d 177, 182 (2005). We may affirm the judgment on any basis of record. *People v. Johnson*, 208 Ill. 2d 118, 129 (2003).

¶ 13    We affirm on two bases—that the Act does not recognize defendant's claim as a basis for relief and that, even if defendant's claim were within the scope of the Act, section 5-4.5-115(b) does not violate equal protection.

¶ 14    The first basis is compelled by the plain language of section 122-1(a)(1) of the Act:

> "(a) Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:
>
> (1) *in the proceedings which resulted in his or her conviction* there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" (Emphasis added.) 725 ILCS 5/122-1(a)(1) (West 2018).

Defendant's challenge to section 5-4.5-115(b), passed in 2019, does not raise a claim that he was denied any constitutional rights in the proceedings that resulted in his conviction or sentence. Whatever errors or deprivations might have occurred in defendant's plea and sentencing, they did

not include the enactment of an allegedly invalid statute years later. See *People v. Harris*, 2022 IL App (1st) 211236-U, ¶¶ 25-26 (claim that the State denied the defendant due process by destroying evidence following her direct appeal was beyond the Act's scope); *People v. Keller*, 353 Ill. App. 3d 830, 832-33 (2004) (claim that corrections officials misinterpreted the defendant's sentence was not cognizable under the Act). Thus, defendant's claim falls outside the Act.[3] See *People v. LaPointe*, 2023 IL App (2d) 210312, ¶ 17.

¶ 15     Although neither the State nor the trial court relied on this ground, there is no unfairness in our raising it *sua sponte*. This defect in defendant's claim is a matter of law that could not have been cured by amendment. Moreover, we are responsible for maintaining a sound and uniform body of precedent. See *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967). Thus, there is neither a legal nor an equitable reason to refrain from our holding here.

¶ 16     Further, even if defendant's claim could be construed to fall within the scope of the Act, it would lack merit. Section 5-4.5-115(b) does not violate equal protection.

¶ 17     We review *de novo* the constitutionality of a statute. *People v. Jones*, 223 Ill. 2d 569, 596 (2006). In conducting an equal protection analysis, we apply the same standards under the United States and Illinois Constitutions. *People v. Richardson*, 2015 IL 118255, ¶ 9. A legislative classification that does not discriminate against a suspect class or impact a fundamental right will be upheld if the classification bears a rational relationship to a legitimate government purpose. *Id.*

---

[3]Moreover, the enactment of section 5-4.5-115(b) did not deny defendant any rights he had at the time of the original proceedings or had been granted since then. The gravamen of his petition is that the new section grants other offenders new rights that it does not grant him.

¶ 18    Defendant contends that section 5-4.5-115(b) violates equal protection because it arbitrarily limits the opportunity for parole to those sentenced on or after June 1, 2019. Defendant concedes that, because the new law neither affects a fundamental right nor creates a suspect classification, it must be upheld if there is a rational basis for the differential treatment. See *People v. Alcozer*, 241 Ill. 2d 248, 263 (2011) ("Prisoners are not a suspect class."); *Vitek v. Jones*, 445 U.S. 480, 488 (1980) (parole is not a fundamental right). Defendant, however, denies that there is a rational basis to distinguish between offenders solely as to their sentencing date. We disagree.

¶ 19    Our conclusion is guided by the principles set out in *Richardson*, 2015 IL 118255, ¶¶ 9-11. There, the supreme court held that the legislature did not violate equal protection by extending the applicability of the Juvenile Court Act of 1987 from minors under the age of 17 to minors under the age of 18 but limiting the amendment to violations committed after January 1, 2014, the effective date of the change (see 705 ILCS 405/5-120 (West Supp. 2013); see also Pub. Act 98-61, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120)). *Richardson*, 2015 IL 118255, ¶¶ 3, 9-11. Like defendant here, Richardson, who was charged in 2013 when he was 17, contended that limiting the amendment to prospective application denied him equal protection. *Id.* ¶¶ 3, 7.

¶ 20    Rejecting this argument, the court noted that "neither the fourteenth amendment nor the Illinois Constitution prevents statutes and statutory changes from having a beginning, nor does either prohibit reasonable distinctions between rights as of an earlier time and rights as they may be determined at a later time." *Id.* ¶ 10. The court held that the temporal limitation of the amendment was rationally related to the purpose of judicial economy: cases already in progress would not have to restart, and defendants could not manipulate or delay their proceedings to take advantage of the new law. *Id.* In so holding, the court relied on *People v. Grant*, 71 Ill. 2d 551, 560-62 (1978), where it found no equal protection violation in the legislature's decision to make a

law changing the sentence for aggravated battery applicable only to those defendants who had not been sentenced before the amendment's effective date. See *Richardson*, 2015 IL 118255, ¶ 11.

¶ 21   Recently, three of our sister appellate districts have followed *Richardson* in concluding that section 5-4.5-115(b) does not violate equal protection. In *Profit*, 2023 IL App (1st) 210881, ¶¶ 34-37, the court reasoned:

> "Effective dates for the application of a statute are remarkably common. In every instance where a new statute applies only prospectively, there will be two similarly situated classes that are treated differently based on the temporal reach of the statute or amendment. In that sense, the challenge before us is not unique nor distinguishable from the circumstances in *Richardson*. As the appellate court, we have no authority to depart from our supreme court's precedent on an issue, and defendant provides no precedential authority contradicting either *Richardson* or *Grant*. See *People v. Artis*, 232 Ill. 2d 156, 164 (2009) ('The appellate court lacks authority to overrule decisions of [the supreme] court, which are binding on all lower courts.').
>
> Moreover, the clear purposes of establishing effective dates for legislative changes set forth in *Richardson* are equally applicable here. We, like the *Richardson* court, recognize the resulting disparities in being sentenced prior to a change in the law that could potentially reduce such sentence; however, there must be some semblance of finality to convictions, and judicial resources are limited. The legislature intended to provide youthful offenders with cases then pending in the trial court, as well as future youthful offenders, the possibility of parole review to assess their rehabilitation. As such, we find the statute bears a rational relationship to a legitimate state interest and must be upheld." *Id.* ¶¶ 36-37.

¶ 22    In *People v. Wells*, 2023 IL App (3d) 210292, the court similarly relied on *Richardson*, as well as *People v. Hunter*, 2016 IL App (1st) 141904, the latter of which upheld the prospective-only application of a new statute requiring trial courts to consider mitigating factors when sentencing juveniles (see 730 ILCS 5/5-4.5-105 (West 2016)). *Wells*, 2023 IL App (3d) 210292, ¶ 31 (citing *Hunter*, 2016 IL App (1st) 141904, ¶ 61). *Wells* noted numerous foreign cases upholding legislation applying new sentencing laws prospectively only (see *id.* ¶¶ 32-33, 37), including federal legislation that reduced the penalties for defendants sentenced only after a certain date (*id.* ¶ 33 (citing, *inter alia*, *Dorsey v. United States*, 567 U.S. 260, 281 (2012))). The court found that legislatures had two proper grounds for limiting penal reform statutes, such as section 5-4.5-110(b) to future cases. *Id.* ¶¶ 41-42. First, " '[p]rospective application allows the [l]egislature to control the risk of new legislation by limiting its application.' " *Id.* ¶ 41 (quoting *People v. Lynch*, 146 Cal. Rptr. 3d 811, 817 (Ct. App. 2012)). Second, prospective application promotes finality in sentencing by refusing to disturb charging and sentencing decisions that were valid when imposed. *Id.* ¶ 42.

¶ 23    Likewise, the court in *People v. Lowder*, 2023 IL App (4th) 220315-U, ¶¶ 41-42, 46, held that the prospectivity of section 5-4.5-110(b) was rationally related to both finality and governmental economy. As to finality, the court noted that lawmakers had defended the prospectivity of the statute based on "concern for victims and their families and upholding the promises made by prosecutors surrounding the finality of a defendant's sentence." *Id.* ¶ 41. The legislature "sought to avoid undermining confidence in the justice system by diminishing the finality of sentences on matters already adjudicated." *Id.* ¶ 42. As to governmental economy, the court reasoned, as did the *Richardson* court, that prospectivity avoids confusion and delay and preserves scarce resources. *Id.* ¶ 46. The court noted that, even aside from the new law, the Parole

Review Board reviews thousands of matters yearly (*id.* ¶ 48) and that "preparing for the parole hearing is resource intensive" (*id.* ¶ 49).

¶ 24　　We agree with the reasoning of all the foregoing cases. The finality of prior sentencing decisions *and* the conservation of limited time and resources are rational bases for restricting section 5-4.5-115(b) to prospective application. Thus, even if defendant's claim were cognizable under the Act, he could not make a substantial showing of a constitutional violation. Therefore, the trial court properly dismissed defendant's postconviction petition.

¶ 25　　　　　　　　　　　　　　　III. CONCLUSION

¶ 26　　For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 27　　Affirmed.

---

***People v. Barry*, 2023 IL App (2d) 220324**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 99-CF-3272; the Hon. Julia A. Yetter, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Drew A. Wallenstein, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Ivan O. Taylor Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---