2023 IL App (2d) 210312
No. 2-21-0312
Opinion filed July 7, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 78-CF-317 |
| PHILLIP E. LaPOINTE, | ) ) | Honorable Alexander F. McGimpsey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Phillip E. LaPointe, appeals a judgment denying him leave to file a successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In 1978, weeks after turning 18, defendant shot and killed a taxicab driver. Later, he entered an open guilty plea to first degree murder (Ill. Rev. Stat. 1977, ch. 38, ¶ 9-1(a)). He was sentenced to natural-life imprisonment without parole, based on the trial court's finding that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (*id.* ¶ 1005-8-1(b)(1)). This court reduced defendant's sentence to 60 years' imprisonment (*People v.*

*LaPointe*, 85 Ill. App. 3d 215 (1980) (*LaPointe I*)), but the supreme court reversed us and affirmed the trial court (*People v. LaPointe*, 88 Ill. 2d 482 (1981) (*LaPointe II*)).

¶ 4    Defendant pursued relief through various means, including several unsuccessful petitions under the Act. On December 1, 2020, he moved for leave to file a successive petition raising three claims. The only claim pertinent here was based on section 5-4.5-115 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-115 (West 2020)), which was enacted in 2019. See Pub. Act 100-1182, § 5 (eff. June 1, 2019) (enacting 730 ILCS 5/5-4.5-110, later renumbered as 730 ILCS 5/5-4.5-115). When defendant moved for leave to file, subsection (b) read:

> "(b) A person under 21 years of age at the time of the commission of an offense or offenses, other than first degree murder, and who is not serving a sentence for first degree murder and who is sentenced on or after [June 1, 2019 (the effective date of Public Act 100-1182)] shall be eligible for parole review by the Prisoner Review Board after serving 10 years or more of his or her sentence or sentences, except for those serving a sentence or sentences for: (1) aggravated criminal sexual assault who shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences or (2) predatory criminal sexual assault of a child who shall not be eligible for parole review by the Prisoner Review Board under this Section. A person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after June 1, 2019, (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences, except for those subject to a term of natural life imprisonment under Section 5-8-1 of this Code [(730 ILCS 5/5-8-1 (West 2020))] or any person subject to sentencing

under subsection (c) of Section 5-4.5-105 of this Code [(*id.* § 5-4.5-105(c))].” 730 ILCS 5/5-4.5-115(b) (West 2020).

¶ 5        Defendant contended that, by limiting relief to those offenders sentenced on or after June 1, 2019, section 5-4.5-115(b) violates the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). Defendant argued that there was no rational basis on which to discriminate between convicted offenders who differed only in their sentencing dates. He reasoned that the bases for providing a chance of parole to an 18-to-21-year-old offender—relative immaturity and incomplete brain development[1]—applied equally to all people in that age group.

¶ 6        Defendant recognized that, to file a successive petition, he had to pass the following test in section 122-1(f) of the Act:

“Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during

---

[1] “The enactment of [section 5-4.5-115(b)] is a reflection of the recent Illinois jurisprudence deriving from *Miller v. Alabama*, 567 U.S. 460 (2012), recognizing the potential for rehabilitation of juveniles and the evolving neuroscience showing that young adults (18 to 21 years old) may have similar brain development to those typically considered juveniles.” *People v. Profit*, 2023 IL App (1st) 210881, ¶ 23; see also 100th Ill. Gen. Assem., Senate Proceedings, May 31, 2017, at 31, 36 (statements of Senator Harmon).

his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020).

¶ 7    Defendant contended that he had shown cause: section 5-4.5-115(b) took effect long after his initial postconviction proceeding. He contended that he had shown prejudice: section 5-4.5-115(b) unconstitutionally discriminated against him.

¶ 8    The trial court denied defendant leave to file a successive petition. Defendant moved to reconsider the denial. The court denied his motion, and he filed a timely appeal.

¶ 9    After this appeal was filed and briefed, the legislature amended section 5-4.5-115(b) by extending parole review to, *inter alia*, a person convicted of first degree murder committed when he or she was under 21 years of age and sentenced to life imprisonment on or after June 1, 2019. We emphasize the added language:

"(b) A person under 21 years of age at the time of the commission of an offense or offenses, other than first degree murder, and who is not serving a sentence for first degree murder and who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 10 years or more of his or her sentence or sentences, except for those serving a sentence or sentences for: (1) aggravated criminal sexual assault who shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences or (2) predatory criminal sexual assault of a child who shall not be eligible for parole review by the Prisoner Review Board under this Section. A person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after

June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his sentence or sentences, except for those subject to a term of natural life imprisonment under Section 5-8-1 of this Code [(730 ILCS 5/5-8-1 (West 2020))] or any person subject to sentencing under subsection (c) of Section 5-4.5-105 of this Code [(*id.* § 5-4.5-105(c))], *who shall be eligible for parole review by the Prisoner Review Board after serving 40 years or more of his or her sentence or sentences*." (Emphasis added.) 730 ILCS 5/5-4.5-115(b) (West 2022).

See Pub. Act 102-1128 (eff. Jan. 1, 2024).

¶ 10                                    II. ANALYSIS

¶ 11      On appeal, defendant reiterates the arguments that he made in the trial court. The State responds that defendant has not shown prejudice, for two reasons.

¶ 12      The State argues first that, because those sentenced on or after June 1, 2019, to natural-life imprisonment for first degree murder are denied access to parole just as defendant is, section 5-4.5-115(b) treats him no differently from them. We note, however, that the State's argument is based on the 2019 version of section 5-4.5-115(b) and that, as amended (after the State filed its brief), section 5-4.5-115(b) does indeed provide access to the parole process for those who are sentenced on or after June 1, 2019, to natural-life imprisonment for first degree murder. Thus, this ground for affirmance fails.[2]

---

[2] One possible complication is that Public Act 102-1128 has yet to take effect and will not do so until January 1, 2024. However, even if we were to hold that the 2019 law applies here, such that defendant is treated no differently than those defendants sentenced on or after June 1, 2019, to life imprisonment for first degree murder, there would appear to be no barrier to defendant

¶ 13    The State argues second that, to the extent that the legislature's decision to give the new parole scheme only prospective effect creates a classification that disfavors defendant *vis-à-vis* those sentenced more recently, that classification has a rational basis and, thus, is constitutional.

¶ 14    We review *de novo* the denial of leave to file a successive petition under the Act. *People v. Dorsey*, 2021 IL 123010, ¶ 33. We may affirm the judgment on any basis of record. *People v. Johnson*, 208 Ill. 2d 118, 128-29 (2003). We do so here. We rely on a fundamental and irremediable defect in the proposed petition: its claim is not within the scope of the Act. Defendant must find relief, if at all, by some other means.

¶ 15    Although both parties assume that the proposed petition would be cognizable under the Act, that assumption is not sound. As pertinent here, section 122-1 of the Act states that a prisoner may institute a proceeding under the Act by asserting that "*in the proceedings which resulted in his or her conviction* there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." (Emphasis added.) 725 ILCS 5/122-1(a)(1) (West 2020). Consistent with this requirement, section 122-1(f) provides that, to show prejudice, a prisoner seeking to file a successive petition must "demonstrat[e] that the claim not raised during his or her initial post-conviction proceedings *so infected the trial* that the resulting conviction or sentence violated due process." (Emphasis added.) *Id.* § 122-1(f).

¶ 16    Our courts have held that the Act does not recognize claims based on proceedings other than those "which resulted in [the petitioner's] conviction." *Id.* § 122-1(a)(1). Thus, regardless of

obtaining leave to file a successive petition in 2024, when the law *will* create a classification and defeat the rationale on which the State now relies. In any event, we need not address this possible complication.

whether claims of ineffective assistance of counsel in a prior postconviction proceeding are properly regarded as claims of constitutional dimension, such claims are not cognizable under the Act because they do not concern the proceeding that resulted in the defendant's conviction. *People v. Flores*, 153 Ill. 2d 264, 277 (1992); *People v. Jones*, 321 Ill. App. 3d 515, 519 (2001). Similarly, a postconviction petition may not raise a claim that the Department of Corrections misapplied the statutory requirement of mandatory supervised release. *People v. Keller*, 353 Ill. App. 3d 830, 832-33 (2004). Finally, we note, a petition under the Act may not raise a claim that the defendant was denied due process by the State's destruction of evidence after the defendant's direct appeal was resolved. *People v. Harris*, 2022 IL App (1st) 211236-U, ¶¶ 25-26 (cited as persuasive authority).

¶ 17    Defendant's claim falls outside the Act. His challenge to section 5-4.5-115(b), first enacted in 2019, does not claim a denial of any constitutional right in the 1978 proceedings that resulted in his conviction and sentence. Whatever errors or deprivations might have occurred in defendant's plea and sentencing, they did not include the enactment of an allegedly invalid statute 40 years afterward.[3]  Thus, like the claims in *Flores*, *Jones*, *Keller*, and *Harris*, defendant's claim is simply outside the scope of the Act. As such, it cannot establish prejudice under section 122-1(f) of the Act.[4]

---

[3] Moreover, the enactment of section 5-4.5-115(b) does not deny defendant any rights he had at the time of the original proceedings or had been granted since then. The gravamen of his proposed petition is that the new statute grants other offenders new rights that it does not grant him.

[4] We do not decide the substantive merit of defendant's claim but hold simply that he has

¶ 18    As the trial court did not err in denying defendant leave to file a proposed successive petition, its judgment must stand.

¶ 19                                III. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 21    Affirmed.

---

chosen the wrong procedural vehicle for it. That is, our holding that defendant's claim is not appropriate for a collateral action under the Act does not preclude him from pursuing other forms of relief. See *In re Marriage of Faul*, 2023 IL App (2d) 210754-U, ¶ 20 (dismissal, on timeliness grounds, of petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) "does not bar [the petitioner] from seeking further relief *directly* if he so chooses" (emphasis in original)).

*People v. LaPointe*, **2023 IL App (2d) 210312**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 78-CF-317; the Hon. Alexander F. McGimpsey, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Kerry Goettsch, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, of counsel), for the People. |