2023 IL App (2d) 220326
No. 2-22-0326
Opinion filed August 24, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CF-484 |
| JESUS BUCIO, | ) ) | Honorable Sandra T. Parga, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Schostok and Kennedy concurred in the judgment and opinion.

**OPINION**

¶ 1      Defendant, Jesus Bucio, appeals a judgment granting the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). Defendant contends that his amended petition made a substantial showing that, as applied to him, section 5-4.5-115(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-115(b) (West 2020))—which enables certain prisoners sentenced on or after June 1, 2019, to apply for parole—violates the equal protection clauses of the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). We affirm.

¶ 2                                          I. BACKGROUND

¶ 3      In 2010, the State filed an 11-count indictment against defendant, based on his alleged actions on June 24, 2009. At that time, defendant was 15 years old. Counts I through V charged defendant under multiple theories of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)) for the killing of Donald Franklin. Counts VI through IX alleged the attempted first degree murders (*id.* §§ 8-4(a), 9-1(a)(1)) of Theran Smith, Lawrence Mosby, Paul Woodard, and Larry Griffin, respectively. Counts X and XI charged the aggravated battery with a firearm (*id.* § 12-4.2(a)(1)) of Smith and Mosby, respectively.

¶ 4      On March 5, 2014, the parties presented a plea agreement to the trial court. Defendant would plead guilty to count I as amended to allege that defendant " 'killed *** Franklin with a dangerous weapon' " rather than " 'shot *** Franklin with a firearm.' " The amendment enabled defendant to avoid a mandatory 25-year add-on based on the use of a firearm. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2008). Defendant would be sentenced to 30 years, served at 100%. In return, the State would dismiss the remaining charges. The court accepted the fully negotiated plea and sentenced defendant accordingly.

¶ 5      Defendant did not file a direct appeal. On December 2, 2019, he filed a *pro se* petition under the Act. The trial court advanced the proceedings to the second stage and appointed counsel for defendant. On September 30, 2020, defendant filed an amended postconviction petition raising three claims, only one of which is pertinent on appeal. Defendant based that claim on section 5-4.5-115(b) of the Code (730 ILCS 5/5-4.5-115(b) (West Supp. 2019)), enacted in 2019. See Pub. Act 100-1182, § 5 (eff. June 1, 2019) (adding 730 ILCS 5/5-4.5-110); Pub. Act 101-288, § 10 (eff. Jan. 1, 2020) (amending 730 ILCS 5/5-4.5-110 and renumbering as 730 ILCS 5/5-4.5-115).

¶ 6      After defendant filed this appeal, the legislature amended section 5-4.5-115(b) to extend its reach. See Pub. Act 102-1128, § 5 (eff. Jan. 1, 2024) (amending 730 ILCS 5/5-4.5-115(b)). We quote the entirety of the amended section 5-4.5-115(b), emphasizing the new text:

> "(b) A person under 21 years of age at the time of the commission of an offense or offenses, other than first degree murder, and who is not serving a sentence for first degree murder and who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 10 years or more of his or her sentence or sentences, except for those serving a sentence or sentences for: (1) aggravated criminal sexual assault who shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences or (2) predatory criminal sexual assault of a child who shall not be eligible for parole review by the Prisoner Review Board under this Section. A person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences, except for those subject to a term of natural life imprisonment under Section 5-8-1 of this Code [(730 ILCS 5/5-8-1 (West 2022))] or any person subject to sentencing under subsection (c) of Section 5-4.5-105 of this Code [(*id.* § 5-4.5-105(c))], *who shall be eligible for parole review by the Prisoner Review Board after serving 40 years or more of his or her sentence or sentences*." (Emphasis added.) 730 ILCS 5/5-4.5-115(b) (West 2022).

¶ 7      Defendant contended that, as applied to him, section 5-4.5-115(b) violates equal protection because it allows prisoners sentenced on or after June 1, 2019, to apply for parole but denies the

same opportunity to prisoners sentenced before June 1, 2019. Defendant argued that there is no rational basis for discriminating between convicted offenders based solely on their sentencing dates.

¶ 8     The State moved to dismiss the amended petition. As pertinent here, the State raised three arguments. First, defendant lacked standing to challenge the new law because he suffered no injury from it. Indeed, invalidating section 5-4.5-115(b) would not give him an opportunity for parole review but would merely erase that opportunity for prisoners sentenced on or after June 1, 2019. Second, section 5-4.5-115(b) has a rational basis—namely, it "avoids confusion and delay and also preserves judicial resources." Third, based on *People v. Jones*, 2021 IL 126432, defendant's fully negotiated guilty plea waived his challenge to section 5-4.5-115(b). Thus, the State concluded, defendant failed to make a substantial showing of a constitutional violation.

¶ 9     The trial court dismissed the petition. As to the section 5-4.5-115(b) claim, the court agreed with the State that, under *Jones*, defendant's guilty plea was both an acceptance of present benefits and a relinquishment of benefits from future changes in the law. Therefore, defendant could not claim the benefit of section 5-4.5-115(b) simply because it was a favorable departure from the premises on which he decided to plead guilty. This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11     At issue in this appeal is whether the trial court erred in dismissing defendant's amended postconviction petition. Defendant's sole claim on appeal is that section 5-4.5-115(b) violates the equal protection clause. The State reiterates the arguments it raised in the trial court.

¶ 12     A prisoner may institute a proceeding under the Act by claiming that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West

2023 IL App (2d) 220326

2022). At the second stage of proceedings under the Act, a petitioner must make a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). We review *de novo* the second-stage dismissal of a petition under the Act. *Id.* We may affirm the judgment on any basis called for by the record. *People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008). We affirm the judgment here on two independent bases.

¶ 13    First, defendant's challenge to section 5-4.5-115(b) falls outside the scope of the Act. As noted, the Act enables a prisoner to raise a claim that constitutional error was committed "*in the proceedings which resulted in his or her conviction.*" (Emphasis added.) 725 ILCS 5/122-1(a)(1) (West 2022). Defendant's section 5-4.5-115(b) claim does not meet this threshold requirement.

¶ 14    *People v. LaPointe*, 2023 IL App (2d) 210312, controls. There, in 1978, the defendant pleaded guilty to first degree murder (Ill. Rev. Stat. 1977, ch. 38, ¶ 9-1(a)) and was sentenced to life imprisonment. *LaPointe*, 2023 IL App (2d) 210312, ¶ 3. In 2020, he filed a motion for leave to file a successive petition under the Act (see 725 ILCS 5/122-1(f) (West 2020)). *LaPointe*, 2023 IL App (2d) 210312, ¶ 4. His proposed petition raised the same claim as here: as applied to him, section 5-4.5-115(b) violated equal protection by arbitrarily granting prisoners sentenced on or after June 1, 2019, the opportunity to apply for parole, while denying the same opportunity to prisoners sentenced before June 1, 2019. *Id.* ¶¶ 4-5. The trial court denied the motion, and the defendant appealed. *Id.* ¶ 8.

¶ 15    We affirmed. *Id.* ¶¶ 1, 20. We noted case law finding claims outside the scope of the Act because they concerned errors arising after the defendant's conviction and sentence. *Id.* ¶ 16 (citing *People v. Flores*, 153 Ill. 2d 264, 277 (1992) (errors in prior postconviction proceedings); *People v. Keller*, 353 Ill. App. 3d 830, 832-33 (2004) (errors by the Department of Corrections while the defendant was serving his sentence); *People v. Harris*, 2022 IL App (1st) 211236-U, ¶¶ 25-26 (the

State's destruction of evidence after the defendant's first appeal was resolved)). Thus, we concluded that the defendant could not obtain relief from a constitutional violation that arose from a statute passed after he was convicted and sentenced. *Id.* ¶ 17. *LaPointe* is directly on point and compels affirmance.

¶ 16    We turn to our second basis for affirmance. We agree with the State that, by entering a valid and fully negotiated guilty plea, defendant waived his challenge to section 5-4.5-115(b). In *Jones*, the supreme court began with the well-established proposition that "a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." (Emphasis in original and internal quotation marks omitted.) *Jones*, 2021 IL 126432, ¶ 20. The court held that the defendant, who had entered a fully negotiated plea, could not attack his plea as unknowing or involuntary merely because later-decided case law would have made his sentence unconstitutional. *Id.* ¶¶ 19-21. This was because the defendant's plea bargain enabled him to gain present benefits at the cost of forgoing possible future benefits from changes in the law. *Id.* ¶ 21.[1] Thus, the defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Id.* ¶ 26.

¶ 17    Defendant attempts to distinguish *Jones* by arguing that his claim "is not a challenge to his sentence" but only an attempt to "receive a statutory benefit that applies to a certain group of individuals and not to him solely because of the date that he was sentenced." But, in so arguing, defendant concedes the first basis for our affirmance—the alleged constitutional error did not arise

---

[1]There are exceptions to the guilty plea waiver rule in postconviction proceedings, none of which apply to defendant's claim. See *People v. Kimmons*, 2022 IL App (2d) 180589, ¶ 38; *People v. Johnson*, 2022 IL App (1st) 201371, ¶¶ 94-99.

in the proceedings that produced his conviction. Moreover, even so, *Jones*' broad holding still forecloses defendant from seeking a postjudgment benefit beyond what he bargained for in the proceedings that resulted in his conviction.

¶ 18    Because our resolution of the foregoing issues provides adequate nonconstitutional grounds for affirmance, we decline to address defendant's equal protection challenge. See *People v. Bass*, 2021 IL 125434, ¶ 30 ("[Our] long-standing rule is that cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort.").

¶ 19                                  III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21    Affirmed.

*People v. Bucio*, **2023 IL App (2d) 220326**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 10-CF-484; the Hon. Sandra T. Parga, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Drew A. Wallenstein, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |