2023 IL App (2d) 220245-U
No. 2-22-0245
Order filed September 26, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-2474 |
| CHRISTOPHER CONTRERAS, | ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justice Kennedy concurred in the judgment.
Justice Hutchinson specially concurred.

**ORDER**

¶ 1    *Held*:  Defendant's claim that Public Act 100-1182 (730 ILCS 5/5-4.5-115 (West 2020)) violates the equal protection clauses of the United States and Illinois Constitutions is not cognizable under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) (Act) because the provision became law after defendant was convicted and sentenced. Defendant also waived any such claim when he entered a voluntary plea of guilty. The trial court is affirmed.

¶ 2    Defendant, Christopher Contreras, appeals from the trial court's July 1, 2022, dismissal of his postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4 Defendant was charged in an 11-count indictment with the June 24, 2009, first-degree murder of Donald Franklin by shooting Franklin to death with a firearm. Defendant was also charged with four counts of the attempted first-degree murder of Theran Smith, Lawrence Mosby, Larry Griffin, and Paul Woodward by shooting at them with a firearm. The final two counts charged defendant with aggravated battery with a firearm by shooting and injuring Smith and Mosby. At the time of the shooting, the victims were sitting on a porch at about 10:45 p.m. when shots rang out. Defendant was 15 years old at the time.

¶ 5 On July 26, 2010, defendant entered a fully negotiated guilty plea to one count of first-degree murder in exchange for a sentence of 30 years, to be served at "100 percent of that sentence." The State was granted leave to amend count I to remove the firearm language, which would have required a 25-year mandatory enhancement. Defendant agreed to enter open pleas of guilty to the remaining counts with the understanding that, if he provided full and truthful cooperation in the instant case as well as other shootings, the remaining counts would be dismissed. If defendant failed to meet his first part of the bargain, he would be subject to sentencing on the remaining counts. Defendant was fully admonished regarding the sentencing range and the rights he was waiving by pleading guilty. The case was continued several times for status on defendant's cooperation and sentencing. On January 11, 2013, defendant appeared before Judge Boles. While defendant was in custody on the instant offenses, he was charged with felony mob action for attacking another inmate in case no. 12-CF-1225. The parties requested an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference. Following the 402 conference, the State formally amended count I to allege "intent to kill, Donald Franklin *** by using a deadly weapon thereby causing the death of Donald Franklin." The parties agreed that "the Defendant would be sentenced to 45 years *** to be served at 100 percent of the time." This "sentence would be served consecutively

to the sentence in 12-CF-1225." The State informed the trial court that defendant still had obligations to fulfill as his part of the plea agreement. The parties agreed that, if defendant completed his part of the agreement, his sentence on the Franklin murder would be reduced to 30 years. If defendant failed to fulfil his part of the agreement, the sentence of 45 years would stand and he would be sentenced on counts II through XI. Defendant affirmed that the State accurately set out the agreement. Defendant was again admonished of the rights he was waiving by pleading guilty and that, if he wished to attempt to withdraw his "plea of guilty and/or vacate the judgment," he was required to file a written motion within 30 days setting forth all of the reasons for doing so. Defendant then entered a plea of guilty to mob-action in case number 12-CF-1225 in exchange for a sentence of one year in the Department of Corrections to be served consecutively to the Franklin murder sentence.

¶ 6    On May 1, 2014, the parties appeared before Judge Hallock. Pursuant to the parties' agreement, defendant was allowed to withdraw his pleas of guilty to counts II through XI and his sentence on count I was reduced to 30 years. Defendant agreed that the sentence was "to be served at 100 percent pursuant to Truth in Sentencing." Defendant was again admonished regarding the necessity of a post plea motion and that any error he failed to raise would be deemed waived. Defendant did not file any post plea motions or appeal his plea or sentence.

¶ 7    On October 7, 2019, defendant filed, *pro se*, a petition for post-conviction relief. Citing *People v. Othman*, 2019 IL App (1st) 150823, defendant's *pro se* petition claimed that Illinois' truth-in-sentencing provision is unconstitutional as applied to him. The trial court found that defendant's petition stated the "gist of a constitutional claim" and appointed the public defender to represent defendant. In an amended petition, through counsel, defendant added additional claims, including a claim that section 5/5-4.5-115 of the Illinois Code of Corrections (730 ILCS

5/5-4.5-115 (West 2020)) (Parole review of persons under the age of 21 at the time of the commission of an offense) is unconstitutional as applied to him. Section 5/5-4.5-115 provides that "[a] person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisons Review Board after serving 20 years or more of his or her sentence or sentences."

¶ 8    The State filed a motion to dismiss defendant's petition, or, in the alternative, to stay proceedings until the Illinois Supreme Court decided *People v. Jones*, 2020 IL App (3d) 140573-UB (appeal allowed November 18, 2020). The State argued that, like in *Jones*, defendant, "by entering into a fully negotiated plea, *** relinquished his right to challenge nonjurisdictional irregularities, including constitutional errors."

¶ 9    On June 21, 2021, the parties agreed to continue the case for "status on the *Jones* case." Our supreme court issued its opinion in *Jones* on December 16, 2021 (rehearing denied Jan. 24, 2022). On April 5, 2022, the State filed a supplement to its motion to dismiss, citing *People v. Jones*, 2021 IL 126432, ¶ 20, for the proposition that a voluntary guilty plea waives "all non-jurisdictional errors or irregularities, including constitutional ones."

¶ 10    On July 1, 2022, the trial court granted the State's motion to dismiss in its entirety. With respect to defendant's claim that section 5/5-4.5-115 violates equal protection because it "separates juveniles into two different classes[:] [t]hose who were sentenced before June 1, 2019[,] and those sentenced on or after June 1, 2019," the trial court ruled that the provision "was not in effect at the time the defendant pled guilty and it is not unconstitutional as applied to the petitioner." The trial court noted that defendant's constitutional rights could not have been violated "because of the statute going into effect on June 19th, 2021." Defendant timely appeals.

¶ 11                                    II. ANALYSIS

¶ 12    The sole issue raised by defendant is "[w]hether the provision of Public Act 100-1182 (730 ILCS 5/5-4.5-115(b) [(West 2020)]) barring those sentenced before Jule 1, 2019, from parole eligibility violated the equal protection clauses of the United States and Illinois Constitutions." Defendant argues that the purpose of the legislation was "to provide the opportunity for parole for young offenders based on demonstrated rehabilitation." Defendant maintains that there is no rational basis for treating offenders sentenced before June 1, 2019, disparately from those sentenced after June 1, 2019. Defendant requests that we hold that the provision of Public Act 100-1182 precluding anyone sentenced before June 1, 2019, from eligibility for parole violates the equal protection clauses of the United States and Illinois Constitutions.

¶ 13    The State argues that defendant has waived the claim that Section 5-4.5-115 violates equal protection "because he knowingly and voluntarily entered into a fully negotiated plea agreement." The State also argues that there was a reasonable basis for the distinction for those offenders sentenced before June 1, 2019, "since applying the amendment to those who had already been sentenced would require remanding their cases for additional sentencing hearings."

¶ 14    The Act provides that a prisoner may institute a proceeding under the Act by claiming that, "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the State of Illinois or both[.]" 725 ILCS 5/122-1(a)(1) (West 2022). During second-stage proceedings under the Act, "the circuit court must determine whether the petition and accompanying documentation makes a " 'substantial showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). The petitioner bears the burden of making a showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Our review of a second-stage dismissal is *de novo*.

*People v. Sanders*, 2016 IL 118123, ¶ 31. "We may affirm the trial court's judgment on any basis supported by the record." *People v. Howard*, 2021 IL App (2d) 190695, ¶ 21.

¶ 15     Our supreme court has repeatedly cited its "long-standing rule *** that cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort." *People v. Bass*, 2021 IL 125434, ¶ 30. We should avoid addressing constitutional issues unless necessary to decide a case. *Id.* In this case, it is not necessary to address defendant's claim that section 5-4.5-115 violates the equal protection clauses of the United States and Illinois Constitutions because there are two nonconstitutional bases to affirm the trial court's judgment.

¶ 16     First, defendant fails to raise a claim of constitutional error committed "*in the proceedings which resulted in his or her conviction.*" (Emphasis added.) 725 ILCS 5/122-1(a)(1) (West 2022). Our decision in *People v. LaPointe*, 2023 IL App (2d) 210312, is dispositive. *LaPointe* pled guilty to first-degree murder in 1978 and received a natural life sentence. In 2020, he filed a motion for leave to file a successive petition under the Act (see 725 ILCS 5/122-1(f) (West 2020)). *Id.*, ¶ 4. LaPointe's proposed petition raised the same claim defendant raised in his amended petition, that section 5-4.5-115(b) violated equal protection. The trial court denied the motion for leave to file. On appeal, we affirmed, concluding that "the defendant could not obtain relief from a constitutional violation that arose from a statute passed after he was convicted and sentenced." *Id.*, ¶ 17.

¶ 17     Second, we agree with the State that defendant waived his claim that section 5-4.5-115(b) is unconstitutional by reason of his knowing and voluntary plea of guilty. In this case, the trial court stayed the post-conviction proceedings until our supreme court decided *Jones*, 2021 IL 126432, presumably because our supreme court's decision would control or inform the trial court's reasoning. In *Jones*, our supreme court held that the defendant, who had entered a fully negotiated

plea, could not attack his plea as unknowing or involuntary merely because later decided case law would have made his sentence unconstitutional. *Id.*, ¶¶ 19-21. "By entering a plea agreement, a defendant 'forecloses any claim of error. It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*.' " (Emphasis in original.) *Id.*, ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33). Like in *Jones*, defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Id.*, ¶ 26.

¶ 18    In his reply brief, defendant argues that there are several exceptions to the guilty plea waiver rule noted by this court in *People v. Kimmons*, 2022 IL App (2d) 180589, ¶ 38. None of those exceptions apply in this case. Defendant also argues that the First District's decision in *People v. Johnson*, 2022 IL App (1st) 201371, is relevant here. We disagree. In *Johnson*, the defendant claimed that his confessions were the product of torture at the hands of the police in 1991. *Id.*, ¶ 1. After losing his motion to suppress his confessions, Johnson entered a negotiated guilty plea in one of the cases (the Miles case). Johnson filed a motion to withdraw his plea, which the trial court denied. In 2011, Johnson submitted a claim form to the Illinois Torture Inquiry and Relief Commission (TIRC) under the Illinois Torture and Relief Commission Act (775 ILCS 40/1 *et seq*. (West 2018)). *Id.* The TIRC ruled in Johnson's favor and found that "there was sufficient evidence to refer the matter to the circuit court for judicial review." *Id.*

¶ 19    The circuit court granted the State's motion to dismiss the TIRC's referral in both cases. *Id.* With respect to the Miles case, the circuit court agreed with the State that Johnson's guilty plea waived any and all non-jurisdictional issues, including the claim that his confession was coerced. *Id.*, ¶ 52. On appeal, the First District recognized "the precedent regarding the preclusive effect of a guilty plea, at least with respect to proceedings under the [Act]." *Id.*, ¶ 90 (citing *People v. Phelps*,

51 Ill. 2d 35 (1972)). The First District noted that it had previously applied the guilty plea waiver rule in Johnson's earlier appeal from the denial of leave to file a successive post-conviction petition. *Id.*, ¶ 91 (citing *People v. Johnson*, 2021 IL App (1st) 152310, ¶ 21). The First District stated that their "prior opinion solely concerned Johnson's attempt to assert a successive petition under the [Act], it [had] no impact on the validity of Johnson's TIRC Act Claim." *Id.*, ¶ 92. The First District noted that, in *People v. Reed*, 2020 IL 124940, our supreme court held that a guilty plea does not bar a postconviction claim of actual innocence. *Id.*, ¶ 96. Johnson had "claimed from the beginning that his confessions were coerced by torture" and therefore, "he was not relying on 'future favorable legal developments' " as was the case in *Jones*." *Id.*, ¶ 98. "In this way, Johnson's claim [was] much more like a claim of actual innocence, in that he always knew his confessions were tortured but he 'could not reasonably discover [supporting] evidence' of torture 'at the time of his plea.' " *Id.* (quoting *Reed*, 2020 IL 124940, ¶ 40). Unlike Johnson and Reed, defendant does not claim that his guilty plea was involuntary; that he was actually innocent; or that he was tortured by the police. We conclude that defendant's "knowing and voluntary guilty plea waived any constitutional challenges based on subsequent changes in the applicable law." *Jones*, 2021 IL 126432, ¶ 26.

¶ 20                                   III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.

¶ 23    JUSTICE HUTCHINSON, specially concurring.

¶ 24    I write separately because I agree with the result affirming the dismissal of defendant's petition, but I would use a different rationale and deny the petition on its merits.

¶ 25    First, I do not read *People v. Jones*, 2021 IL 126432, as a complete statement when it comes to the nuances of the so-called "guilty plea waiver rule." Many of our precedents throughout the years have used the familiar refrain that " 'a voluntary guilty plea waives *all* non-jurisdictional errors or irregularities, including constitutional ones.' " (Emphasis altered.) *Jones*, 2021 IL 126432, ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33). But that simply isn't true. As the majority notes, *supra ¶* 18, there are a number of exceptions to the rule, as set forth in *People v. Kimmons*, 2022 IL App (2d) 180589, ¶ 38. Words, of course, are important, so, to say that a guilty-plea defendant has waived "all" claims is simply inaccurate. It would be more apt to say that a guilty plea waives or forecloses *most* claims of error, or *almost* all claims.  But in any case, it is time that we retire the inaccurate statement of this rule.

¶ 26    Second, as our precedents teach, defendant's equal protection claim is not cognizable in a postconviction petition. *People v. Bucio*, 2023 IL App (2d) 220326, ¶¶ 13-15; *People v. Barry*, 2023 IL App (2d) 220324, ¶¶ 14-15; *People v. LaPointe*, 2023 IL App (2d) 210312, ¶¶ 13-17. Defendant's claim, which is based on the enactment of the parole scheme *after* his sentence was set, is based on a claim of error that did *not* arise "*in* the proceedings which resulted in his *** conviction***." 725 ILCS 5/122-1(a)(1) (West 2020). The enactment of a new parole scheme is extrinsic to defendant's sentence; it played no role in defendant's conviction or sentence, which he acknowledges was lawful at the time it was entered. Thus, I would hold that defendant's claim falls outside the scope of the Post Conviction Hearing Act.

¶ 27    Finally, in the interest of judicial economy, I would relax the waiver rule and address defendant's claim on the merits. Doing so does no harm, and it ensures a complete resolution of defendant's claim. As we pointed out in *Barry*, 2023 IL App (2d) 220324, ¶ 20, our supreme court has already ruled on this issue and rejected this argument. See *People v. Richardson*, 2015 IL

118255, ¶¶ 9-11. In addition, other appellate districts in our state have reached the same conclusion. See *People v. Profit*, 2023 IL App (1st) 210881, ¶¶ 34-37; *People v. Wells*, 2023 IL App (3d) 210292, ¶¶ 32-42; *People v. Hunter*, 2016 IL App (1st) 141904, ¶¶ 32-42. I would address and reject defendant's underlying claim. He has not suffered an equal protection violation; he is not the victim of invidious discrimination based on, say, class or race. He merely was convicted and sentenced almost 10 years before the enactment of our state's new, prospective parole scheme, which he cannot take part in. If the legislature wanted to make the new parole scheme *retrospective*, I am certain it would have said as much.

¶ 28    For these reasons, I concur in the judgment.