2025 IL App (1st) 241536-U

FOURTH DIVISION
Order filed: November 6, 2025

No. 1-24-1536

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 12 CR 15690 |
| JERMALLE BROWN, | ) ) ) | Honorable Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order denying defendant's third motion for leave to file a successive postconviction petition is affirmed. The defendant failed to establish prejudice necessary to obtain leave to file a successive petition because the prospective application of section 5-4.5-115(b) of the Unified Code of Corrections does not violate the equal protection clause of the United States or Illinois Constitutions.

¶ 2    Defendant Jermalle Brown appeals from the order of the circuit court of Cook County denying his third motion for leave to file a successive postconviction petition under the Post Conviction Hearing Act (Act). 725 ILCS 5/122-1(f) (West 2024). He argues that section 5-4.5-115

of the Unified Code of Corrections (730 ILCS 5/5-4.5-115 (West 2024)) violates the equal protection clauses of the United States and Illinois Constitutions as applied to him because it grants parole review only to young offenders sentenced after June 1, 2019, and not those like defendant who were sentenced before that date. Defendant also contends that he established both cause and prejudice for filing a successive postconviction petition. For the following reasons, we reject his arguments and affirm.

¶ 3    Defendant was charged with first degree murder under a felony murder theory with the underlying felony of home invasion. Defendant was 19 years old at the time of his arrest. The evidence adduced at defendant's jury trial established that he and several accomplices entered Dondra Sharkey's apartment on East 73rd Street in Chicago on July 25, 2012. One of the accomplices, Douglas Bufford, entered the apartment armed with a revolver. Another accomplice, Dominique Harris, was armed with a shotgun. Harris ordered Sharkey to get up and stand by the refrigerator. As Sharkey walked to the kitchen, the shotgun Harris was holding discharged, striking Bufford. Bufford died as a result of the wound.

¶ 4    The jury found defendant guilty of first degree murder and home invasion. On April 13, 2015, the trial court sentenced him to 30 years' imprisonment on the murder conviction. Defendant appealed, arguing that the trial court erred in permitting the jury to view a video of him making gang sign hand gestures while in police custody. This court affirmed defendant's conviction and sentence. *People v. Brown*, 2018 IL App (1st) 151377-U.

¶ 5    On December 14, 2018, defendant filed a petition seeking relief under the Act, alleging ineffective assistance of counsel. That petition was summarily dismissed by the trial court, and this court affirmed the dismissal. *People v. Brown*, 2021 IL App (1st) 190705-U.

¶ 6     On December 1, 2021, defendant filed a document titled "Notice of Recapitulation under a Successive Post Conviction Petition." The circuit court construed it as a motion for leave to file a successive postconviction petition. In the motion, defendant asked for a reduced sentence because he was not the person who committed the act that caused Bufford's death and because he was young at the time of the crime and his brain was not fully developed. The circuit court denied defendant's motion, and this court affirmed. *People v. Brown*, 2023 IL App (1st) 221825.

¶ 7     On February 9, 2023, defendant filed his second motion for leave to file a successive postconviction petition, arguing that the use of his juvenile history as aggravation in sentencing was improper. On March 19, 2024, defendant filed his third motion for leave to file a successive postconviction petition. The proposed third successive petition argued that Public Act 100-1182, which amended section 5-4.5-115(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-115(b) (West 2024)), violated the equal protection clauses of the United States and Illinois Constitutions because it limited early parole eligibility to only young adult offenders sentenced after its June 1, 2019, effective date. He argued that there was no rational basis to exclude offenders like him who were sentenced before the effective date.

¶ 8     The circuit court denied defendant's second and third motions for leave to file successive petitions. Regarding the third motion, the circuit court found that defendant could not establish the prejudice prong of the cause and prejudice test because this court rejected this same argument in *People v. Wells*, 2023 IL App (3d) 210292, ¶¶ 39-44, and held that Public Act 100-1182 did not violate the equal protection clause of either the Illinois or United States Constitution. This appeal follows.

¶ 9    Defendant appeals only the dismissal of his third motion for leave to file a successive postconviction petition. He contends that section 5-4.5-115(b) violates the equal protection clauses of the United States and Illinois Constitutions by excluding offenders who were sentenced before its effective date.  On appeal, his challenge to section 5-4.5-115(b) is framed as an as-applied challenge, as he argues that the rationale for applying the parole provision prospectively only does not apply to his individual circumstances and limiting retroactive application of section 5-4.5-115(b) is unconstitutional as applied to him. The State responds that defendant waived an as-applied challenge because his proposed petition challenges section 5-4.5-115(b) only in universal terms and not as applied to him specifically.

¶ 10    Defendant's third motion for leave to file a successive petition refers to the statute generally, but also raises arguments based on his personal situation as an individual charged with felony murder. "By definition, an as-applied constitutional challenge is dependent on the particular circumstances and facts of the individual defendant or petitioner." *People v. Thompson*, 2015 IL 118151, ¶ 37. Here, defendant's claim relies, in part, upon evidence from his trial regarding his circumstances and his level of participation in the offense. Therefore, we find that defendant adequately preserved this argument.

¶ 11    The Act allows a defendant to collaterally attack a conviction by asserting that it resulted from a "substantial denial" of his or her constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2024). The Act contemplates the filing of only one postconviction petition without leave of court. 725 ILCS 5/122-1(f) (West 2024). "[T]here are two exceptions where fundamental fairness requires that the bar against successive petitions be lifted." *People v. Wilson*, 2023 IL 127666, ¶ 23. The first is the "fundamental miscarriage of justice" exception which requires a defendant to make a

persuasive showing of actual innocence. *Id.* The second is the "cause and prejudice" exception, which requires a defendant to demonstrate "cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2024). A defendant must establish both cause and prejudice to obtain leave of court to file a successive petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15. We review the circuit court's order denying leave to file a successive petition *de novo*. *People v. Profit*, 2023 IL App (1st) 210881, ¶ 18.

¶ 12    As explained below, we find that defendant failed to establish prejudice and thus, we need not address whether he established cause. See *Wilson*, 2023 IL 127666, ¶ 25 ("We need not address the State's arguments regarding cause, because, for the following reasons, it is clear that Wilson has not established prejudice.").

¶ 13    Prejudice is shown "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2024). "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 14    Defendant argues that he has established prejudice because section 5-4.5-115(b), as applied to him, violates his equal protection rights.

¶ 15    Public Act 100-1182 amended section 5-4.5-115(b), which pertains to parole review. Relevant to this appeal, the amended section 5-4.5-115(b) states:

> "A person under 21 years of age at the time of the commission of first degree murder who is sentenced on or after June 1, 2019 (the effective date of Public Act 100-1182) shall be eligible for parole review by the Prisoner Review Board after serving 20 years or more of his or her sentence or sentences. . . "

Pub. Act 100-1182 (eff. Jun. 1, 2019) (amending 730 ILCS 5/5-4.5-115). Here, defendant argues that the provision of the amendment limiting the availability of early parole to those sentenced after the effective date violates his equal protection rights, as it treats young adults sentenced before the effective date differently than those sentenced after the effective date.

¶ 16 The constitutionality of a statute is reviewed *de novo*. *People v. Jones*, 223 Ill. 2d 569, 596 (2006). "Statutes are presumed constitutional, and we must construe the statute so as to uphold its constitutionality and validity." *People v. Carter*, 377 Ill. App. 3d 91, 99 (2007). The party challenging a statute has the burden of clearly showing a constitutional violation. *Id.* For an as-applied challenge, the defendant must demonstrate that a constitutional violation results from the application of the statute to a specific set of facts and circumstances. *People v. Harris*, 2018 IL 121932, ¶ 38.

¶ 17 Illinois courts apply the same equal protection standards and analysis under the United States and Illinois Constitutions. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 116. "The constitutional right to equal protection guarantees that similarly situated individuals will be treated in a similar manner, unless the government can demonstrate an appropriate reason to treat them differently." *People v. Richardson*, 2015 IL 118255, ¶ 9. "The equal protection clause does not forbid the legislature from drawing proper distinctions in legislation among different categories of people, but it does prohibit the government from doing so on the basis of criteria wholly unrelated to the legislation's purpose." *Id.* When the legislative classification does not implicate a fundamental right or discriminate against a suspect class, as is the case here, we apply a rational basis scrutiny

and determine whether the legislation bears a rational relationship to a legitimate governmental purpose. *Id.* The rational basis test does not require the legislature to expressly state the purpose or rationale supporting its classification. *Wells*, 2023 IL App (3d) 210292, ¶ 23.

¶ 18     Here, we consider whether the legislature's decision to limit the parole provisions of section 5-4.5-115(b) to apply only prospectively to individuals sentenced after June 1, 2019, bears a rational relationship to a legitimate governmental interest.  We find that it does.

¶ 19     In *Richardson*, our supreme court addressed whether a classification caused by a statute's effective date violated the equal protection clause. The statute at issue was the savings clause in an amendment to the Juvenile Court Act, which changed the exclusive jurisdiction provision to apply to minors under the age of 18, when previously it only applied to minors under 17. *Richardson*, 2015 IL 118225, ¶ 3; see 705 ILCS 405/5-120 (West Supp. 2013). The savings clause provided that the change only applied to violations that occurred on or after its effective date. 705 ILCS 405/5-120. In *Richardson*, the defendant was 17 years old when he was charged as an adult with criminal sexual assault.  The amendment to the Juvenile Court Act passed while the defendant's case was pending. *Richardson*, 2015 IL 118255, ¶ 3. On appeal, the defendant argued that the savings clause violated the equal protection clause because excluding 17-year-olds who allegedly committed offenses before the effective date of the amendment was not rationally related to the amendment's purpose. *Id.* ¶ 7.

¶ 20     Our supreme court rejected that argument and held that the savings clause was rationally related to the legislature's goal as it achieved its intended purpose of including 17-year-olds within the jurisdiction of the Juvenile Court Act "in such a manner that avoids confusion and delay and also preserves judicial resources." *Id.* ¶ 10. The *Richardson* court held that the savings clause put

stakeholders on notice of the amendment's application based on the date of the alleged violation and ensured that cases in progress would not have to restart in the juvenile division of the court. *Id.* Our supreme court observed that, in *People v. Grant*, 71 Ill. 2d 551, 562 (1978), the court previously rejected an equal protection challenge to an amended sentencing provision that applied only prospectively, holding that applying the amendment to those already sentenced would require a remand for additional sentencing hearings. *Richardson*, 2015 IL 118255, ¶ 11.

¶ 21    In *Profit*, this court addressed a similar argument to that raised by defendant here and rejected it, based on *Richardson* and *Grant*. *Profit*, 2023 IL App (1st) 210881, ¶ 14. The *Profit* court held that section 5-4.5-115(b) explicitly stated that it was not retroactive and only applied prospectively and found that this provision bore a rational relationship to a valid governmental interest of the finality to convictions and the preservation of judicial resources. *Id.* ¶ 37. The *Profit* court concluded that the prospective application of the parole provision did not violate equal protection and thus, the defendant could not establish prejudice to warrant granting leave to file a successive postconviction petition. *Id.* ¶ 41.

¶ 22    Similarly in *Wells*, this court acknowledged the general principle that there "'is no requirement that two persons convicted of the same offense receive identical sentences.'" *Wells*, 2023 IL App (3d) 210292, ¶ 28 (quoting *Williams v. Illinois*, 399 U.S. 235, 243 (1970)). "'Prospective application of a new doctrine or rule of law does not violate the equal protection of laws under either the Federal or Illinois constitution.'" *Id.* ¶ 25 (quoting *Coney v. J.L.G. Industries, Inc.*, 97 Ill. 2d 104, 125 (1983)). We examined *Grant* and *Richardson*, as well as cases from other jurisdictions, and concluded that ameliorative sentencing provisions and changes to parole

eligibility that only applied prospectively have been repeatedly upheld as consistent with equal protection. *Id.* ¶¶ 29-37.

¶ 23    Turning to section 5-4.5-115(b), we held in *Wells* that there were "many rational bases supporting the legislature's enactment of section 5-4.5-115" and its prospective application, including the legitimate government purpose of improving sentencing laws for young adults, the State's "weighty interest" in the finality of sentences that were valid when imposed, the legislature's goal of implementing sentencing reform "one step at a time," and the State's interest in applying new laws prospectively and not retroactively. *Id.* ¶¶ 40-44 (quoting *People v. Anderson*, 148 Ill. 2d 15, 31 (1992)). The court concluded that a statute "passes constitutional muster as long as 'any plausible reasons for the legislature's action can be discerned.'" *Id.* ¶ 44 (quoting *Miller v. Department of Public Aid*, 94 Ill. App. 3d 11, 20 (1981)). Because there were "many rational bases supporting the legislature's enactment of section 5-4.5-115 and its prospective application," the court held that the statute "passes constitutional muster" and rejected the defendant's equal protection challenge. *Id.* ¶ 44.

¶ 24    In addition to *Profit* and *Wells*, this court has rejected similar equal protection challenges to the prospective application of the parole provision in section 5-4.5-115(b). See *People v. Munson*, 2024 IL App (1st) 221193-U, ¶ 40; *People v. Barry*, 2023 IL App (2d) 220324, ¶¶ 17-24; *People v. Lowder*, 2023 IL App (4th) 220315-U, ¶¶ 44-46. We find, consistent with *Richardson*, *Profit*, and *Wells*, that the prospective application of section 5-4.5-115(b) is rationally related to the legitimate governmental interest of the finality of convictions, the preservation of judicial resources, and the legislature's interest in implementing sentencing reform on an incremental basis and does not violate the equal protection clause.

¶ 25    In an attempt to distinguish *Wells*, defendant relies on comments made by individual legislators during the debate surrounding the passage of Public Act 100-1182 which, he argues, suggest that they relied on promises made by prosecutors to victims and their families regarding the sentences for individuals convicted prior to the effective date of the amendment.  He contends that this is not a rational basis to limit the amendment to apply only prospectively.

¶ 26    However, defendant's argument seeks to impose a higher burden on the legislature to explain its rationale than rational basis review requires. "Under the rational basis test, the court may hypothesize reasons for the legislation, even if the reasoning advanced did not motivate the legislative action." *People ex rel. Lumpkin v. Cassidy*, 184 Ill. 2d 117, 124 (1998). Our review is to determine whether the legislation at issue can be supported by "any plausible reason[]." *Miller*, 94 Ill. App. 3d at 20; see *Wells*, 2023 IL App (3d) 210292, ¶ 23 (rational basis test is not limited to articulated explanation given by legislature, and legislature is not required to state the rationale behind its decision-making). Rational basis does not require this court to examine the statements of individual legislators and determine whether each proffered reason for the legislation is legitimate, and we decline defendant's invitation to do so.

¶ 27    Defendant next argues that *People v. Nicks*, 62 Ill. 2d 350 (1976) and *People ex rel. Carroll v. Frye*, 35 Ill. 2d 604 (1966), support his position that the prospective application of section 5-4.5-115(b) violates equal protection. We disagree. In *Nicks*, our supreme court considered the constitutionality of a sentencing provision that applied prospectively only to those serving consecutive sentences, while other provisions applied to all persons in custody on the effective date. *Nicks*, 62 Ill. 2d at 354-55. The court found no rational basis to treat those serving consecutive sentences differently from those not serving consecutive sentences. *Id.* at 355. Unlike *Nicks*,

however, the prospective application of section 5-4.5-115(b) at issue in this case is uniform for all individuals sentenced after its effective date, and thus, *Nicks* is distinguishable. *See Lowder*, 2023 IL App (4th) 220315-U, ¶ 51.

¶ 28    In *Frye*, our supreme court held that the prospective application of a statute granting pretrial detention credits to inmates violated equal protection as applied to mandatory minimum sentences because it would cause indigent defendants who were unable to pay bail to serve longer sentences than those who could afford bail. *Frye*, 35 Ill. 2d at 609-10. Unlike this case, the statute at issue in *Frye* created a distinction that arbitrarily discriminated against individuals to whom the statute did not apply. *See Lowder*, 2023 IL App (4th) 220315-U, ¶ 51. Thus, we reject defendant's reliance of *Nicks* and *Frye* here.

¶ 29    Since we found that the prospective application of section 5-4.5-115(b) is rationally related to a legitimate governmental purpose, we may end our analysis here. See *Barry*, 2023 IL App (2d) 220324, ¶¶ 17-24 (in the context of an as-applied challenge to section 5-4.5-115(b), determining that the legislature had a rational basis for applying the change prospectively without consideration of defendant's individual circumstances). However, even if we consider defendant's arguments regarding his individual circumstances in an as-applied challenge, we would reject them.

¶ 30    Defendant's arguments that section 5-4.5-115(b) is unconstitutional as applied to him are based on his position that the family of the victim, Bufford, did not want defendant to be charged. Therefore, he argues, there is no concern about the finality of his sentence from the perspective of the victim and the legislature's other stated rationales for limiting retroactive application of section 5-4.5-115(b) do not apply to him.  However, contrary to defendant's argument, there is no evidence in the record to support his position. While defense counsel made a comment about what he was

told related to Bufford's family's wishes during the sentencing hearing, the court sustained the State's objection to that comment. Additionally, defendant's argument ignores the extent to which Sharkey, who testified at defendant's trial and whose home was invaded by defendant and his accomplices, had an interest in defendant being charged and convicted. Accordingly, we reject defendant's arguments.

¶ 31    Defendant also argues that some of the stated rationales for the prospective application of section 5-4.5-115(b), such as judicial efficiency, the use of judicial resources, and incremental change in sentencing, are not implicated when it is only applied to his individual request that the statute apply retroactively to him. This is not a compelling argument that section 5-4.5-115(b) is unconstitutional as applied to this defendant, as any defendant could argue that large-scale concerns when enacting a piece of legislation are not implicated when the defendant asks only for individual relief. Further, this argument is divorced from any consideration of defendant's individual characteristics or circumstances, which is a necessary component of an as-applied constitutional challenge, and we reject it. *Thompson*, 2015 IL 118151, ¶ 37.

¶ 32    Defendant's as-applied arguments amount to assertions that there is no harm in allowing him the opportunity for early parole provided for in section 5-4.5-115(b). He has not demonstrated what makes his individual circumstances different from other defendants such that the prospective application of section 5-4.5-115(b) is unconstitutional as applied to him. Defendant failed to show that excluding him from the early parole provisions in section 5-4.5-115(b) amounts to an equal protection violation. Therefore, we hold that he has failed to establish prejudice necessary to obtain leave to file a third successive postconviction petition.

¶ 33     For the reasons stated above, we affirm the order of the circuit court denying defendant's third motion for leave to file a successive postconviction petition.

¶ 34     Affirmed.